# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

BELVA M. JANIS,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 11-CV-526-FHM

## OPINION AND ORDER

Plaintiff, Belva M. Janis, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's February 8, 2007, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Deborah L. Rose was held July 7, 2009. By decision dated October 28, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 27, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 48 years old on the date of her application for Supplemental Security Income and 51 on the date of the ALJ's decision. She completed the ninth grade and formerly worked as a housekeeper. She claims to have been unable to work since April 1, 2005 as a result of hypertension, diabetes, obesity, chronic obstructive pulmonary disorder, mental problems, and a sun allergy.

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform less than the full range of light work. She can lift/carry 20 pounds occasionally or 10 pounds frequently. During an 8-hour workday, she can stand and/or walk for 6 hours a day and she can sit for 6 hours daily. She can have occasional interaction with the public and can tolerate incidental contact with coworkers and supervisors that is not dependent on job performance. She is restricted to simple unskilled tasks. [R. 17]. The ALJ found that Plaintiff can perform her past relevant work as a housekeeper with these limitations. [R. 20]. In addition, based on the testimony of a vocational expert, the ALJ found that there

are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step four of the five-step evaluative sequence with an alternate step five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ erroneously rejected the opinions of the state agency doctors who reviewed her medical record and that the RFC finding was not based on substantial evidence.

## Analysis

The record contains a Physical Residual Functional Capacity Assessment form completed by Dr. K.A. Jenson, a physician who reviewed Plaintiff's medical records and rendered an opinion about her RFC for the state Disability Determination Service (DDS). [R. 254-261]. In the denial decision, the ALJ stated that her RFC finding "is supported by the Disability Determination Service's Physical Residual Functional Capacity Assessment (Exhibit 13F)." [R. 20]. The DDS form contains postural limitations, [R. 256], and environmental limitations, [R. 258], which were not included in the ALJ's RFC finding. The ALJ's decision contains no discussion about why those limitations were not included in the RFC.

Plaintiff argues that the decision should be reversed because the ALJ failed to include the DDS environmental restrictions.[2] Plaintiff also asserts that the case should be

---

[2] Plaintiff makes no argument concerning the postural restrictions.

remanded for an immediate award of benefits because the vocational expert testified that the environmental restrictions would preclude competitive employment.

The court finds that the ALJ was required to address the environmental restrictions contained in the DDS form.  In *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) the Court stated that the ALJ is not required to discuss every piece of evidence, but "in addition to discussing the evidence supporting [the] decision, the ALJ also must discuss the uncontroverted evidence [s]he chooses not to rely upon as well as significantly probative evidence [s]he rejects."  That Plaintiff may have some environmental restrictions related to the chronic obstructive pulmonary disease the ALJ found was a severe impairment at step 2 is supported by the RFC assessment in Exhibit 13F cited by the ALJ and by another such form completed at an earlier date.  [R. 227].  The environmental restrictions are significantly probative evidence that the ALJ apparently rejected without discussion.  The case must therefore be remanded for the ALJ to consider and discuss the environmental restrictions.

The court declines to remand the case for an immediate award of benefits.  Contrary to Plaintiff's assertions, it does not appear from the record that additional fact finding would serve no useful purpose.  *See Dollar v. Bowen*, 821 F.2d 530, 534 (10th Cir. 1987)(discussing when remand for benefits is appropriate).  The vocational expert's testimony that the restriction to exposure to fumes, odors, dust, gasses, and poor ventilation would preclude employment was not absolute.  Whether employment was precluded depended on the precise definition of the terms used in the RFC form.  [R. 390-391].  The vocational expert testified that it was a "very fine line" between whether

4

employment would be precluded, or not. *Id*. Under these circumstances further fact finding would be useful.

The court also declines to adopt the Commissioner's suggestion that a harmless error analysis be applied to the case based on the job descriptions in the Dictionary of Occupational Titles for the jobs identified by the vocational expert. In view of the vocational expert's testimony about the availability of jobs when environmental restriction are added to the RFC, this is not a case where a mere technical error was made which is so minor that confidence in the determination of the case is not undermined. Further, evaluation of the significance of the vocational expert's testimony is an essential function committed in the first instance to the administrative process. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir.2004)(discussing the appropriate application of harmless error in Social Security disability appeals).

## Conclusion

The ALJ's denial decision is REVERSED and the case is REMANDED for further proceedings.

SO ORDERED this 7th day of September, 2012.

*/s/ Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

5